# Nolan, Appellant, *v.* Pittsburgh.

*Negligence—Municipality—Sidewalk — Ice and snow — Knowledge of unsafe condition—Contributory negligence—Choice of two ways.*

1. Where a woman has knowledge of the rough surface of an unpaved portion of a sidewalk, and, in walking along the sidewalk in broad daylight, at a time when it is covered with ice and snow, steps from the smooth even pavement to the portion she knew was rough, she does so at her own risk, and if she falls and is injured, she cannot hold the municipality liable; and especially is this so where it appears that she could have used the car tracks in the centre of the street which were clear of ice and snow and used by many pedestrians.

2. Under the facts of this case defendant was not guilty of negligence.

Argued October 13, 1921.   Appeal, No. 133, Oct. T., 1921, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1918, No. 1839, on verdict for defendant, in case of Sarah Nolan v. City of Pittsburgh.   Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.   Affirmed.

Trespass for personal injuries.   Before CARPENTER, J.
The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was binding instructions for defendant, quoting record.

*Meredith R. Marshall,* with him *Rody P. Marshall,* for appellant.

*Charles B. Prichard,* City Solicitor, and *Herman F. Ruoff,* Assistant City Solicitor, for appellee, were not heard.

Per Curiam, January 3, 1922:

Plaintiff sued to recover damages for injury received while walking on the sidewalk of South Eighteenth Street in the City of Pittsburgh. Defendant offered no evidence and the lower court directed a verdict in its favor. Plaintiff appealed.

From the evidence it appears plaintiff left her home about 8:30 in the morning of January 21, 1918, for her place of employment, walking on the sidewalk of the street which has a considerable down grade and at the time was covered with ice and snow. In stepping from a paved to an unpaved portion of the sidewalk, the latter being eight or ten inches below the former, plaintiff slipped and fell, her foot turning under her and sliding into a frozen depression that "looked like a footprint or something of that kind." As the result of her fall she sustained a fracture of the small bone of the ankle. Plaintiff had been using South Eighteenth Street for more than a year in going to and returning from her place of employment and was familiar with its condition, having walked down the street a week or ten days previous to the accident, at which time she observed the rough surface of the unpaved sidewalk in front of the premises No. 2663, the place where she slipped and fell. At the time of the accident there were five and one-half inches of snow on the ground, the thermometer registered zero and all streets throughout the city were "extremely slippery."

Plaintiff, having knowledge of the condition of the unpaved sidewalk at the place of the accident, was required to use great care and be vigilant to see unsafe and dangerous places, especially dangerous spots directly in her path. She was fully aware of the pavement's condition, according to her own testimony, and, having that knowledge, while passing over it in broad daylight when covered with ice and snow, in stepping from the smooth, even pavement to the portion she knew was rough, she did so at her risk; especially is this

the case where, as here, she might have avoided the rough, slippery part of the sidewalk by using the car tracks in the center of the street which had been cleared of snow and were used by many pedestrians.

The trial judge gave no reasons for affirming defendant's point for binding instructions or for refusing plaintiff's motion for a new trial. We have, however, read the evidence carefully and can reach no other conclusion than that plaintiff failed to exercise that degree of care the circumstances required, consequently a verdict was properly directed for defendant.

In addition to what has been said above, it may be stated that the facts do not show any negligence on part of defendant.

The judgment is affirmed.